IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| BRUCE EDWARD FONTECCHIO II, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VINCE VANTELL, in his personal capacity ) <br> (FNU) C. WATTS, in their personal capacity ) <br> (FNU) B. RODRIGUEZ in their person capacity ) <br> (FNU) J. NORMAN in their personal capacity ) <br> (FNU) CRAWFORD, in their personal capacity ) <br> (FNU) LEWIS, in their personal capacity ) <br> ) <br> CORECIVIC OF TENNESSEE, LLC. ) <br>     Defendants. ) | Case No. _____ |

## COMPLAINT

Comes now the Plaintiff, Bruce Edward Fonticchio, by and through the undersigned counsel, and files this Complaint against the above-named Defendant(s) and for his cause would show as follows:

### PRELIMINARY STATEMENT

Plaintiffs bring this action under 42 U.S.C. § 1983 and Tennessee state and common law for money damages for unlawful detention.

### PARTIES

1. Plaintiff **BRUCE EDWARD FONTECCHIO II,** is a citizen and resident of Knox County, Tennessee.

2. Defendant **VINCE VANTELL**, was, at all times herein material, the warden at Trousdale Turner Correctional Center, is sued personally, and may be served with process at his last known employment address of 140 Macon Way, Hartsville, Tennessee 37074.

3. Defendant **(FNU) C. WATTS** was, at all times herein material, the assistant warden at Trousdale Turner Correctional Center is sued personally, and may be served with process at his last known employment address of 140 Macon Way, Hartsville, Tennessee 37074.

4. Defendant **(FNU) B. RODRIGUEZ,** was at all times herein material, the record keeper at Trousdale Turner Correctional, is sued personally, and may be served with process at her last known employment address of 140 Macon Way, Hartsville, Tennessee 37074.

5. Defendant **(FNU) CRAWFORD,** was at all times herein material, the Chief Jailer at Trousdale Turner Correctional, is sued personally, and may be served with process at her last known employment address of 140 Macon Way, Hartsville, Tennessee 37074.

6. Defendant **(FNU) J. NORMAN,** was at all times herein material, the secretary to the warden at Trousdale Turner Correctional is sued personally, and may be served with process at her last known employment address of 140 Macon Way, Hartsville, Tennessee 37074.

7. Defendant **(FNU) LEWIS**, was at all times herein material, the caseworker assigned to Plaintiff during his incarceration at Trousdale Turner Correctional Center is sued personally, and may be served with process at his/her last known employment address of 140 Macon Way, Hartsville, Tennessee 37074.

8. Defendant **CORECIVIC,** is a for-profit company doing business in Tennessee, with its principal office located at 5501 Virginia Way, Brentwood, TN 37027, and may be served

through its Registered Agent C T Corporation System, 300 Montvue Road, Knoxville, TN 37919-5546.

9. At all times herein material, Defendant Corecivic was responsible for the daily operations of Trousdale Turner Correctional Center.

## JURISDICTION AND VENUE

10. Plaintiffs bring this action under 42 U.S.C. § 1983.

11. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).

12. This Court has jurisdiction of Plaintiffs' state laws claims under 28 U.S.C. 1367(a).

13. Venue is proper in this district under 28 U.S.C. 1391(b) because Defendants reside or do business in this district and the acts or admissions occurred in this district.

## FACTUAL BACKGROUND

14. The Plaintiffs hereby incorporate the preceding paragraphs as though fully set forth herein and further allege the following:

15. On or about June 24, 2019, Plaintiff Bruce Fontecchio, II was convicted of a C Felony for Possession Methamphetamine with Intent to Manufacture, Deliver, Sale, Possess (Attempted) in violation of Tennessee Code Annotated 39-17-434(A). (Knox County Criminal Court 115675)

16. Plaintiff was sentenced to 3 years as a Range 1 offender and was to serve his sentence on supervised probation.

17. On or about September 8, 2023, Plaintiff's supervised probation was revoked, and he was ordered to serve the remainder of his sentence in the custody of the Tennessee Department of Corrections.

18. The order revoking Plaintiff's probation ordered that Plaintiff was to receive jail credits for 4/7/19 - 4/30/19 (pre-trial credits); 2/12/20 - 12/19/20; 8/14/20 – 3/8/21; 8/15/23 – 9/7/23; 1/19/22 – 8/15/23 (time built after the violation of probation).

19. Upon information and belief, while in pretrial (and post sentence) custody in the county jail, Plaintiff was entitled to earn "good time" credits, "2 for 1's" and other credit reductions (See T.C.A §§ 41-1-10 — 41-51-302; 41-21-101— 41-21-1006; 41-21-201 — 41-21-244; 41-21-236).

20. The credits were to be calculated and applied to his sentence once he was in the custody of the Department of Corrections.

21. On August 15, 2023, Plaintiff was transported to Bledsoe County Correctional Facility for processing.

22. After about a month, Plaintiff was transported to Trousdale Turner Correctional Center to serve his sentence.

23. From August 15, 2023, until June 7, 2024, Plaintiff was in continuous custody of the Tennessee Department of Corrections.

24. Plaintiff spent a total of 1145 days in custody on a 3-year (1095 day) sentence.

25. Plaintiff never received any sentencing credits.

26. Throughout his detention, Plaintiff contacted several jail employees in writing, including Defendants Vantell, Watts, Rodriguez, Norman, Crawford and Lewis, to inform them that he was being held past his sentence, and requested that he be released.

27. On May 5, 2024, Plaintiff wrote to Defendant Rodriguez asking that she look into his time served as he was being over detained.

28. Defendant Rodriguez responded to Plaintiff with the following: "your exp is 9/7/25…you violated [sic] probation \ parole and street time was added 1,315 days" . The document bears the signature of Defendant Rodriguez.

29. In the spring of 2024, Plaintiff appeared before the parole board to see if he would be released on parole.

30. Plaintiff informed the parole board that he had been held past his sentence and requested that he be released.

31. Plaintiff was denied parole.

32. Despite repeatedly submitting grievance reports to various Defendants, was not released until June 7, 2024, after serving 1145 days in custody on a 1095-day sentence.

## CAUSES OF ACTION

### COUNT 1
### VIOLATION OF
### 42 U.S.C. SECTION 1983
### 42 U.S.C. SECTION 1985
### 42 U.S.C. SECTION 1986
### 42 U.S.C. SECTION 1988

33. The Plaintiffs hereby incorporate the preceding paragraphs as though fully set forth herein and further allege the following:

34. By committing the acts described herein, the Defendants deprived Plaintiff of his liberty without affording him due process of law.

35. After the completion of his sentence, Plaintiff contacted each of the named, including Defendant Vantell, the warden and final policy maker for the Trousdale Turner Correctional Center, to try and secure his release.

36. Each of the named Defendants ignored his requests, or in the case of Defendant Rodriguez, gave him false information, causing his continued unlawful and unconstitutional detention.

37. All the Defendants knew, or should have known, that Plaintiff was being held past his sentence expiration expiration.

38. A simple mathematical calculation would have shown that Plaintiff served more than his three-year sentence.

39. Although each of the named Defendants knew, or should have known, that Plaintiff was being held past his sentence expiration, they did nothing to remedy the situation.

40. As such, all Defendants acted in joint concert with each other to violate Plaintiff's constitutional rights under the Eighth Amendment, the Fourth Amendment, and Fourteenth Amendment of the U.S. Constitution.

41. As such, Plaintiff is entitled to attorney's fees pursuant to 42 U.S.C. §1988.

## COUNT 2
## INFLICTION OF EMOTIONAL DISTRESS

42. The Plaintiffs hereby incorporate the preceding paragraphs as though fully set forth herein and further allege the following:

43. The acts or omissions of the Defendants as alleged herein, caused Plaintiffs to suffer severe emotional distress, sleeplessness, anxiety, and other mental and emotional harms.

44. Defendants' conduct was extreme and outrageous and was done with a reckless disregard of the probability that Plaintiff would suffer emotional distress.

45. Plaintiff, indeed, suffered severe emotional distress and continues to suffer severe emotional distress as a direct and proximate result of Defendants' conduct.

## COUNT 3

## FALSE IMPRISONMENT

46. The Plaintiffs hereby incorporate the preceding paragraphs as though fully set forth herein and further allege the following:

47. Once Plaintiff had served his lawful sentence, there was no longer a mittimus to secure his detention.

48. By confining Plaintiff beyond his three-year sentence, Defendants falsely imprisoned Plaintiff.

## COUNT 4

## GROSSLY NEGLIGENT AND RECKLESS CONDUCT

49. Plaintiff hereby incorporate the preceding paragraphs as though fully set forth herein and further allege the following:

50. By taking custody of Plaintiff, and confining him in the Trousdale Turner Correctional Center, Defendant Corecivic and the other named Defendants assumed responsibility for Plaintiff, his safety and his liberty, as well as assurance for his civil rights.

51. Even though the Plaintiff consistently informed the Defendants of his unlawful detention, he was not released

52. Defendants' failure to release Plaintiff after he served his sentence was reckless and/or grossly negligent.

53. Such grossly negligent and reckless conduct was the direct and proximate cause of the damages sustained by the Plaintiffs.

## COUNT 5

## BREACH OF CONTRACT

54. Plaintiff hereby incorporate the preceding paragraphs as though fully set forth herein and further allege the following:

55. Defendant Corecivic had a contract to operate Trousdale Turner Correctional Center.

56. Upon information and belief, as an inmate housed at the Trousdale Turner Correctional Center, Plaintiff was an intended beneficiary of the contract.

57. Pursuant to the contract, Defendant Corecivic was responsible for all operation and management of Trousdale Turner Correctional Center including administrative tasks.

58. By failing to assure Plaintiff's release after the service of his sentence, Defendant Corecivic breach the contract.

59. Because of this breach of the contractual duties, the Plaintiff suffered severe emotional distress and continues to suffer severe emotional distress as a direct and proximate result of Defendants' conduct.

**WHEREFORE**, Plaintiffs respectfully pray as follows:

1. That Defendants be made to answer this Complaint within the time allotted by the Tennessee Rules of Civil Procedure;

2. That Plaintiff be awarded compensatory damages in an amount of $1000.00 for each day that Plaintiff was unlawfully held;

3. That Plaintiff be awarded punitive damages in an amount to be determined at trial;

4. An award of all prejudgment and postjudgment interest;

5. That a jury be empaneled to try the issues;

6. Such other legal and equitable relief to which Plaintiff may be entitled.

Respectfully submitted this **6th** day of June, 2025.

Ursula Bailey (TN Bar # 020616)

LAW OFFICES OF URSULA BAILEY
422 S. Gay Street, Suite 301
Knoxville, TN 37902
Phone: (865) 337-5737
Fax: (865) 522-9945
Email: ubailey65@gmail.com

*Counsel for Plaintiffs*